TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00368-CR

Billy Ray Hibdon, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 95-236-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

PER CURIAM

 A jury found appellant guilty of driving while intoxicated, third offense. Tex. Penal Code
Ann. §§ 49.04(a), 49.09(b) (West Supp. 1997). The jury assessed punishment at imprisonment for ten
years.

 In his only point of error, appellant contends the evidence is legally insufficient to sustain
the conviction because the State failed to prove that he intentionally, knowingly, or recklessly drove while
intoxicated. Appellant argues that proof of a culpable mental state was required under the terms of Penal
Code section 6.02(b) because section 49.04 does not plainly dispense with a mental element. Tex. Penal
Code Ann. § 6.02(b) (West 1994). Appellant points out that this offense occurred before the effective
date of Penal Code section 49.11, which exempts intoxication offenses from the terms of section 6.02(b). 
Tex. Penal Code Ann. § 49.11 (West Supp. 1997).

 We recently held that the State is not required to plead or prove a culpable mental state
in a prosecution under section 49.04. Sanders v. State, No. 03-96-00055-CR (Tex. App.--Austin Dec.
19, 1996, no pet. hist.). All of the arguments advanced by appellant were considered and rejected in that
opinion. For the reasons stated in Sanders, appellant's point of error is overruled. The judgment of
conviction is affirmed.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: January 9, 1997

Do Not Publish